IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KHAMLOR BOULYAPHONH, § <br> #56156-177 § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> KENT W. STARR, et al., § <br>     Defendants. § | No. 3:22-cv-01443-D (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Khamlor Boulyaphonh, a federal prisoner, has failed to establish subject matter jurisdiction exists in this *pro se* civil action. Therefore, the Court should dismiss the case without prejudice.

**Background**

Boulyaphonh initiated this action by sending a letter to the Clerk of Court for the Northern District of Texas. Compl. (ECF No. 3). His letter purports to be a "Notice of Intention to File Civil Suit/Civil Action Filing Date Place Holder;" and in it, Boulyaphonh requests, "Please accept this motion as me having met the Statute Of Limitation [sic] Requirement of two years [sic] time limit to file for civil suit." *Id.* He goes on to explain that he intends to file a civil lawsuit against his criminal attorney, Kent W. Starr, for legal malpractice because Starr made him plead guilty to a crime he did not commit.

The magistrate judge sent Boulyaphonh an Order and Notice of Deficiency (NOD), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), pay the filing fee or a proper motion to proceed *in forma pauperis,* and file his pleadings on the appropriate form. (ECF No. 5.) The NOD informed Boulyaphonh that failure to respond and cure these deficiencies by August 8, 2022, could result in a recommendation that his case be dismissed.

On August 5, Boulyaphonh filed a motion seeking a stay or more time to comply with the NOD (ECF No. 8). And on August 6, he filed a form complaint with most of the information left blank (ECF No. 7). Boulyaphonh did not pay the filing fee or file a motion to proceed *in forma pauperis* prior to the August 8 deadline.

On August 10, the magistrate judge issued findings and conclusions, recommending that Boulyaphonh's complaint be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). (ECF No. 6.) On August 15, the magistrate judge noted that Boulyaphonh conceded he failed to comply with the NOD, stated he did not intend to comply with the magistrate judge's instructions for several months, failed to pay the filing fee, and his jurisdictional allegations were so deficient it was not clear the court had jurisdiction over the case. (ECF No. 10.) The magistrate judge denied Boulyaphonh's request for a stay or an extension of time to comply with the NOD. *Id.*

On September 6, the District Court determined that although dismissal may be appropriate for Boulyaphonh's failure to pay the filing fee, move to proceed *in forma pauperis*, or otherwise establish subject matter jurisdiction, it was not appropriate at that time to dismiss under Rule 41(b). (ECF No. 11.) The District Court entered an order of re-reference and directed the magistrate judge to proceed with the screening process. *Id.*

On September 20, Boulyaphonh filed an "Affidavit," which the magistrate judge liberally construes as a second amended complaint (ECF No. 12). In this operative pleading, Boulyaphonh generally alleges that Starr committed legal malpractice when he represented him in a federal criminal case filed in August 2017. Boulyaphonh has still not paid the $402.00 filing fee, nor has he filed a proper motion to proceed *in forma pauperis*.

## Legal Standards and Analysis

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject

3

matter jurisdiction); *see also MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction[.]"

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law, generally referred to as "federal question jurisdiction," and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal court. *See Coury*, 85 F.3d at 248. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The magistrate judge liberally construes Boulyaphonh's pleadings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551

4

U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). And liberally construed, Boulyaphonh appears to allege that his attorney, Starr, committed legal malpractice when Starr represented Boulyaphonh in a federal criminal tax case in the Northern District of Texas from August 2017 through August 2020. Boulyaphonh professes his innocence of any criminal wrongdoing, and he claims that Starr defrauded him and forced or tricked him into pleading guilty.[1] Boulyaphonh estimates that he and his wife and codefendant, Tammy, lost money due to Starr's malpractice. 2d Am. Compl. 6 (ECF No. 12).

---

[1] The Court takes judicial notice of the docket in *United States v. Boulyaphonh*, Case Number 3:17-cr-00450-B-2, in which attorney Kent W. Starr served as retained counsel for Boulyaphonh. On February 7, 2020, Boulyaphonh pleaded guilty to the following: (1) participating in a *Klein* conspiracy, in violation of 18 U.S.C. § 371 (one count), and (2) making false statements on income tax returns, in violation of 26 U.S.C. § 7206(1) (four counts). Boulyaphonh was sentenced to a total term of 37 months' imprisonment.

In the form complaint he submitted on August 12, 2022, Boulyaphonh checked the box indicating that federal diversity jurisdiction exists. Am. Compl. 3 (ECF No. 7). He alleges that Starr caused him and Tammy to lose $120,000 for "case representation" and $7,500 for an "expert." 2d Am. Compl. 6 (ECF No. 12). Boulyaphonh arguably alleges a sufficient amount in controversy to satisfy the jurisdictional requirement, but he wholly fails to allege that he and Starr are citizens of different states. To the contrary—from the facts alleged in his operative pleading—it appears, that Starr and Boulyanphonh are both citizens of Texas. That is, Boulyanphonh alleges that Starr is a licensed attorney who represented Boulyaphonh in federal court in the Northern District of Texas. And, although Boulyaphonh is presently incarcerated at the Federal Correctional Institution (FCI) Fort Dix in New Jersey—for purposes of diversity jurisdiction—a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state. *See Ronald Alexander Leblanc Tr. v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003) (cting *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002)). Boulyaphonh alleges that before he went to prison, he lived and worked in Texas with his wife, Tammy. Boulyaphonh cannot meet his burden to establish diversity jurisdiction on these facts. *See Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994); *see also Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016).

6

Likewise, he has not established that this case presents a federal question. When determining whether federal question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.,* 980 F.2d 1014, 1017 (5th Cir. 1993). Generally, there is no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank,* 523 F.3d 546, 551 (5th Cir. 2008). As discussed, Boulyaphonh's sole claim is for legal malpractice. However, a legal malpractice claim is a state law claim. *See Rogers v. Zanetti,* 518 S.W.3d 394, 400 (Tex. 2017) (a legal malpractice claim in Texas requires that "the client must establish that: (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client"). Thus, there is no federal question jurisdiction here.

Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed without prejudice to Boulyaphonh raising his state law claim in state court.

## Conclusion

For the reasons stated, the Court should DISMISS this case without prejudice.

**SO RECOMMENDED**.

November 9, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

8